UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ISAIAH TRUESDALE,
        *Defendant-Appellant.*

No. 02-4696

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-01-10)

Submitted: January 27, 2003

Decided: April 7, 2003

Before MICHAEL, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

James W. Smiley IV, LAW OFFICES OF JAMES W. SMILEY IV, North Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Miller W. Shealy, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Isaiah Truesdale pled guilty pursuant to a written plea agreement to conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (2000). He was sentenced to fifty-one months imprisonment. He now appeals, and we affirm.

Truesdale contends the district court erred in determining his sentence. Legal issues concerning sentences are reviewed de novo and factual determinations are reviewed for clear error. *See United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989). Truesdale contends the district court erred in overruling his objection to paragraphs 17, 18, and 22 of the Presentence Investigation Report (PSIR). The information found in those paragraphs was properly included in the PSIR pursuant to USSG § 1B1.3(a)(2), because the facts described related to the same course of conduct as Truesdale's offense of conviction. Therefore, we find the district court did not err.

Truesdale next contends the district court erred in applying a three-level enhancement pursuant to *U.S. Sentencing Guidelines Manual* § 2S1.1(b)(1) (2000). We have reviewed the record and find no such error.

Truesdale conclusorily contends the district court erred in not applying the safety valve provision of 18 U.S.C. § 3553 and USSG § 5C1.2. The safety valve provision is only applicable when the defendant has been convicted of a federal drug offense. Because Truesdale was convicted of conspiracy to launder money, not a drug offense, the district court did not err.

Accordingly, we affirm Truesdale's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*